CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 19 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN WILSON,<br>　　　Plaintiff, | ) ) ) | **Civil Action No. 7:07-cv-00433** |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| ROBERT P. CROUCH, JR., et. al.,<br>　　　Defendant(s). | ) ) | **By: Hon. James C. Turk**<br>**Senior United States District Judge** |

Plaintiff John Wilson, a federal inmate proceeding pro se, brings this action purportedly under Article I, Section 9 of the United States Constitution and the Uniform Commercial Code (the UCC) as an "administrative habeas corpus action," seeking immediate release and monetary damages against several current and former federal officials.[1] Because Wilson sues federal officials and seeks monetary and injunctive relief for alleged violations of his constitutional rights, the court construed and filed his complaint as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331.[2] Upon

---

[1]Wilson brings his action against: Robert P. Crouch, Jr., former United States Attorney for the Western District of Virginia; Joseph W.H. Mott, Assistant United States Attorney; Alberto Gonzalez, former United States Attorney General; Jorge L. Pastrana, Warden of the FCI Miami; and George Bush, President of the United States.

[2]Wilson asserts, without any cited authority, that Art. I and the UCC authorize a form of "administrative habeas corpus" that is not governed under any statutory form of habeas corpus and that cannot be suspended except in times of war. Generally, a federal inmate is authorized to challenge the validity of his confinement under 28 U.S.C. § 2255. However, the United States Court of Appeals for the Fourth Circuit recognizes that § 2255 will be inadequate or ineffective for testing the validity of a federal inmate's confinement under very limited circumstances, in which the inmate may bring a habeas petition under 28 U.S.C. § 2241 in the jurisdiction where he is confined. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Because Wilson fails to meet the requirements under In re Jones to file a 2241 challenging his conviction or sentence and is not currently confined in Virginia, the court will not construe his current pleading as one arising under § 2241. The court also finds no authority under Article I or the UCC to recover monetary damages from federal officials for alleged constitutional violations related to one's conviction.

1

consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. [3]

Wilson alleges the following constitutional violations related to his convictions and sentences: a) Wilson was denied due process because he was sentenced under an unconstitutional sentencing regime; b) the court did not use a special verdict so that the jury could determine the amount of drugs for which Wilson should be held responsible; c) government witnesses fabricated testimony as evidence, thus working a fraud on the court; and d) prosecutors knowingly used perjured testimony against Wilson. For these violations, Wilson seeks to recover $25,000,000 to settle his claims against the defendants. He also submits a rambling memorandum apparently challenging the constitutionality of certain federal statutes, based on lawmakers' failure to follow proper procedures for enacting federal legislation. He seems to argue that the constitutional failings of the challenged statutes should invalidate any sentence enhancements imposed under the United States Sentencing Guidelines, 18 U.S.C. § 922 or § 924, or 38 U.S.C. § 2113, and provide grounds on which to dismiss the indictment against him.

In Bivens, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331 to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of federal officials. 403 U.S. at 392. An action under Bivens is almost identical to an action under 42 U.S.C. §1983, except that the former is maintained against federal officials while the latter is against state officials. See Carlson v. Green, 446 U.S. 14, 2425 (1980) (applying Bivens in prison context); Butz v. Economou, 438 U.S. 478, 504 (1978).

---

[3]A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

2

Wilson cannot proceed with his Bivens claims at this time. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a prisoner may not bring a civil rights suit when a favorable outcome of the suit would necessarily undermine the prisoner's conviction. This principle applies to Bivens actions. Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997). A successful outcome to Wilson's suit on his current claims would necessarily imply that Wilson's conviction was obtained in violation of his due process rights. See, e.g., Basden v. Lee, 290 F.3d 602, 624 (4th Cir. 2002)(government "denies a defendant due process by knowingly offering or failing to correct false testimony") (citing Napue v. Illinois, 360 U.S. 264, 269 (1959). Under the principles in Heck, Wilson cannot yet prosecute a civil rights claims for damages raising these claims; before he may do so, he must demonstrate that his underlying criminal conviction has been reversed, vacated, or otherwise invalidated.

Wilson also cannot proceed with his claims for injunctive relief seeking his immediate release from confinement, as such a claim is not properly presented in a civil rights action. "[H]abeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." [4] Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir.1995) (a § 2255 case applying Preiser v. Rodriguez, 411 U.S. 475 (1973) to dismiss civil rights claims for injunctive relief under Bivens as means to overturn conviction). Thus, "declaratory

---

[4]Wilson refers to his claims as "habeas" claims, but he seeks to create a customized form of habeas petition from random statutory passages in an effort to circumvent the limitations Congress has placed on habeas petitioners under 28 U.S.C. § 2255. The court finds no authority for the habeas relief Wilson seeks. Moreover, the court will not construe Wilson's current petition as a § 2255 motion, as it has been more than a year since his conviction became final. See § 2255 para. 6(1). While Wilson might be able to present claims falling under the other subparagraphs of § 2255 para. 6 and thereby avoid the one year statute of limitations in subparagraph (1), he has not done so in his current petition.

3

or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable" under Bivens. Id. In conclusion, Wilson cannot proceed in a civil rights cause of action at this time, the court will dismiss the entire action under Bivens, pursuant to §1915A(b)(1), for failure to state a claim upon which relief can be granted. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14ᵗʰ day of September, 2007.

_James C. Turk_
Senior United States District Judge

4